The judgment of the court was pronounced by
Eustis, C. J.
This is a possessory action, instituted by the plaintiff to recover from the defendant a portion of a quarter section of land situate in West Baton Rouge, upon which the defendant has intruded. The possessory right of the plaintiff is based upon the alleged possession since the 22d of May, 1843, under a certificate of the register of the land office of that date, certifying that the proofs of Oliver H. Courtney for his preemption right to the quarter section were duly filed and recorded in the land office.
The. defendant claims to hold possession under a certificate of the register of the land office under date of the 22d of January, 1848 ;• that he, the defendant, has filed his-declaration of intention to claim the quarter section as a preemption right under the provisions of the act of Congress of date September 4th, 1841, relating to preemption rights on the public lands.
The case was submitted to a jury, who found a verdict for the defendant. The district judge, considering that the jury determined the case on the facts, . under an appreciation of the credibility of tlie witnesses, refused to set aside the verdict, and gave judgment accordingly. -The plaintiff has appealed.
We are under the impression, that the respective rights of the plaintiff and the defendant to this land, under the act of Congress under which both claim, must be determined by the register and réceiver of the land office, subject to an appeal to the secretary of the treasury of the United States. 5 U. S. Statutes at huge, 456, § 11. Nor are we satisfied, that-under the certificate alone under which the plaintiff holds, unaccompanied by any evidence of a compliance on his part with the act of Congress, he has such a right as owner, as will enable him to maintain a possessory action against the defendant, who is in possession under a recorded preemption claim received by the officer of the land office, for the same section of land. Code of Practice, 47. Milligan v. Hargrave, 6 N. S. 342. Heirs of Henry v. Welsh, 4 L. R. 549. Primot v. Thibodeau, 6 L. R. 12. Morancy v. Ford, 2d Ann. 299.
Under this view of the case, we find additional reasons, besides those given by the district judge, for not disturbing the verdict of the jury against the plaintiff.
The judgment appealed from is therefore affirmed, with costs.